# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim. No. 16-169 (MJD/BRT) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| (2) Randle Snell, also known as Pee Wee, | |
| Defendant. | |

Jeffrey S. Paulsen, Esq., Assistant United States Attorney, counsel for Plaintiff.

Deborah K. Ellis, Esq., Ellis Law Office, counsel for Defendant.

This matter is before this Court on Defendant Randle Snell's Motion for Suppression of Evidence Obtained as a Result of Unlawful Search and Seizure (Doc. No. 69). Specifically, Defendant Randle Snell ("Defendant") seeks to suppress the cocaine[1] seized from his person after his arrest in Oklahoma on July 5, 2016, asserting that the traffic stop that led to his arrest was unconstitutional. (Doc. No. 133, Def.'s Mem. in Supp. of Mot. to Suppress.) This Court held a hearing on the motion on September 30, 2016,[2] and received testimony from Deputy Sheriff Ronald Walker. (Doc.

---

[1] Defendant no longer seeks to suppress the marijuana seized at the time of the traffic stop because the Government has agreed not to offer that into evidence at trial. (Doc. No. 133, Def.'s Mem. in Supp. of Mot. to Suppress 1.)

[2] The Court issued an Order on motions dated October 17, 2016, taking Defendant's Motion for Suppression of Evidence Obtained as a Result of Unlawful Search and

(Footnote Continued on Next Page)

No. 118.) The matter was referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1. For the reasons stated below, this Court recommends that Defendant's motion be denied.

## BACKGROUND

Deputy Sheriff Ronald Walker from Rogers County, Oklahoma specializes in criminal interdictions and high-volume traffic stops, and he is also an expert in narcotics. On July 5, 2016, he was working along Highway 412 in Rogers County. At approximately 4:15 a.m., just after his shift began, he observed an African-American male in a gray Hyundai with Tennessee license plates driving westbound at the junction of I-44 and Highway 412 change lanes from the number three lane to the number one lane in one quick motion without using a turn signal. Deputy Walker testified that according to Oklahoma law, to make a proper lane change one must turn their blinker on, proceed a minimum of 100 feet with your blinker light on prior to changing lanes, and then maintain that turn signal through the lane change until established in the next lane. Also, a driver must change lanes one lane at a time. When Deputy Walker observed the Hyundai change two lanes without using a turn signal, he pulled out to initiate a traffic stop, followed the vehicle approximately one mile until there was a safe place to stop, and stopped the vehicle.

---

(Footnote Continued from Previous Page)
Seizure (Doc. No. 69) under advisement for submission to the District Court on Report and Recommendation. (Doc. No. 134.)

When Deputy Walker approached the vehicle, Defendant opened the window and Deputy Walker was immediately able to smell a strong odor of green marijuana (*i.e.*, fresh marijuana that had not been burned or smoked). Defendant appeared nervous and was unable to produce identification. Deputy Walker asked him to step from the vehicle and follow him back to the patrol car to run him through the computer to verify whether he had a license and was able to drive in Oklahoma. Deputy Walker had Defendant sit in the passenger side of the front seat of the patrol car and Deputy Walker sat in the driver's seat. Deputy Walker conducted a records check on Defendant through a system that checks driver's licenses nationwide and both discovered and confirmed that Defendant had more than one extraditable warrant issued for his arrest. Deputy Walker then placed Defendant under arrest, moved him to the back seat of the patrol car, and conducted a search of the Hyundai, finding marijuana in the driver's side door. Once transported to jail, Defendant changed from his personal clothes to a county issued jumpsuit, and when doing so, a bag of crack cocaine was found in his underwear.

Defendant was subsequently indicted for Conspiracy to Distribute Heroin in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A). (Doc. No. 24, Am. Indictment.)

## DISCUSSION

"A traffic stop constitutes a seizure within the meaning of the Fourth Amendment," *United States v. Fuse*, 391 F.3d 924, 927 (8th Cir. 2004) (quotations omitted), and must, therefore, be supported by reasonable suspicion or probable cause. *United States v. Houston*, 548 F.3d 1151, 1153 (8th Cir. 2008). "[A]ny traffic violation,

even a minor one, gives an officer probable cause to stop the violator.  [In such a case,] the stop is objectively reasonable and any ulterior motivation on the officer's part is irrelevant." *Johnson v. Crooks*, 326 F.3d 995, 998 (8th Cir. 2003) (alteration in original) (quotations omitted); *United States v. Walker*, 555 F.3d 716, 720 (8th Cir. 2009) ("[A]ny traffic violation provides probable cause for a traffic stop.").

Defendant's argument that the traffic stop was unreasonable under the Fourth Amendment is not persuasive. Here, the undisputed evidence is that the officer observed the vehicle make two lane changes at once without proper signaling. Failure to signal a lane change is a traffic violation in the State of Oklahoma. *Tripp v. State ex rel. Dept. of Public Safety*, 117 P.3d 266, 269 (Okla. Civ. App. 2005) (holding that Okla. Stat. tit. 47 § 11-604(A), (B) and 11-309 "require a signal of the intention *either* to turn right or left, *or* to change lanes, and failure to signal a lane change constitutes a violation of § 11-309"). Similarly, changing lanes more than one lane at a time is a violation of Oklahoma's driving rules. *See* Okla. Stat. tit. 47 § 11-309(2) ("A vehicle shall not be moved from the lane until the driver has first ascertained that the movement can be made with safety and then given a signal, not less than the last one hundred (100) feet traveled by the vehicle, of his intention to change lanes."). Because a police officer's observation of a traffic violation is sufficient to establish probable cause to stop a vehicle, and because it is undisputed here that Deputy Walker observed the Hyundai commit two traffic violations,

4

the traffic stop was supported by probable cause. Therefore, this Court recommends that no evidence be suppressed on the ground that the traffic stop was unjustified.[3]

## RECOMMENDATION

Based on the file, records, and submissions herein, and for the reasons stated above, **IT IS HEREBY RECOMMENDED** that:

1.  Defendant Randle Snell's Motion for Suppression of Evidence Obtained as a Result of Unlawful Search and Seizure (Doc. No. 69) be **DENIED**.

Date:  November 29, 2016

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b), any party may file and serve specific written objections to this Report and Recommendation by **December 13, 2016**. A party may respond to those objections within **fourteen days** after service thereof. All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 7 days from the date of its filing. If timely objections are filed, this Report will be considered under advisement from the earlier of: (1) 7 days after the objections are filed; or (2) from the date a timely response is filed.

**Transcript:** Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within **ten days** of receipt of the Report.

---

[3]  Defendant does not directly contest his subsequent detention and arrest.